UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON LEWIS CAIN,

    Petitioner,

v.

DALE BONN,

    Respondent.

Case No. 24-cv-11811

Honorable Robert J. White

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITIONER'S MOTION TO GRANT THE PETITION, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

I.    Introduction

Brandon Lewis Cain is incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his felony convictions for receiving and concealing a stolen motor vehicle, third-degree fleeing and eluding, and a misdemeanor conviction for driving while his license was suspended (DWLS).

Before the Court is respondent's motion to dismiss the petition on the ground that it was not filed within the statute of limitations. (ECF No. 12). *See* 28 U.S.C. § 2244 (d)(1). He further argues that the petition should be dismissed under the concurrent sentencing doctrine. Cain responded to the motion. (ECF No. 14). He

also moved separately for summary judgment and requested that the Court grant the petition outright. (ECF Nos. 15-16).  For the following reasons, (1) the motion to dismiss the petition is granted, (2) the motion for summary judgment is denied, (3) the motion to grant the petition is denied, (4) the Court denies a certificate of appealability, and (5) leave to appeal *in forma pauperis* is granted.

II.     Background

On October 30, 2007, Cain pleaded no-contest to receiving and concealing a motor vehicle and third-degree fleeing and eluding.  He also pleaded guilty to driving while his license was suspended – a misdemeanor.  On June 9, 2009, an Oakland County Circuit judge sentenced him to 1 year and 2 months to 7 and a half years incarceration on the two felony charges and 39 days in jail for the DWLS conviction. He received credit for time served on the misdemeanor conviction.

The record indicates that Cain did not appeal his convictions or sentences. The Rule 5 materials do contain an order dismissing Cain's delayed application for leave to appeal in the Michigan Court of Appeals.  A review of the Michigan Court of Appeals' website shows that Cain represented himself on this appeal.[1]  The Michigan Court of Appeals' docket does not indicate that Cain ever filed an

---

[1]  See https://www.courts.michigan.gov/c/courts/coa/case/297421, www.1.next. westlaw .com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

application for leave to appeal to the Michigan Supreme Court. Nor are there any court documents showing that Cain filed a direct appeal from his conviction.

On December 17, 2019, Cain filed a post-conviction motion for relief from judgment in the Oakland County Circuit Court. (ECF No. 13-5). The circuit judge agreed to hold the motion in abeyance in part to allow Cain to file an amended motion. (ECF No. 13-6). On January 4, 2022, Cain filed a second or amended motion for relief from judgment. (ECF No. 13-7). The circuit court denied this motion on January 18, 2023. (ECF No. 13-6). The Michigan appellate courts then denied Cain leave to appeal. *People v. Cain*, No. 365717 (Mich. Ct. App. Nov. 9, 2023); *lv. den.* 513 Mich. 1046 (2024), *reconsideration denied*, 513 Mich. 1167 (2024).

In the interim, Cain moved to reissue the judgment court on April 6, 2020. (ECF No. 13-14, PageID.220-21). The circuit court denied the motion on June 14, 2021. (*Id.*, PageID.226). And the Michigan appellate courts denied Cain leave to appeal. (*Id.*, PageID.206). *People v. Lewis,* No. 357933 (Mich. Ct. App. Nov. 30, 2021); *lv. den.* 509 Mich. 989 (2022).

Cain subsequently moved to vacate his sentence. (ECF No. 1, PageID.3; ECF No. 14, PageID.560). The circuit court denied the motion. (ECF No. 1, PageID.25). And the Michigan appellate courts denied leave to appeal. (ECF No. 1, PageID.26).

*People v. Cain,* No. 357985 (Mich. Ct. App. Nov. 30, 2021); *lv. den.* 509 Mich. 989 (2022); *reconsideration den.* 510 Mich. 869 (2022).

Cain then moved to amend his sentence to reflect his entitlement to 43 days credit, rather than 39 days. After expressly stating in its opinion that Cain was requesting "a clerical, non-substantive change," the circuit court granted the motion and amended the judgment of sentence to reflect the 43-day credit. (ECF No. 13-8).

Separate and apart from the Oakland County conviction, a Wayne County jury convicted Cain of, among other things, first-degree premeditated murder. He is currently serving two non-parolable life sentences stemming from these convictions. *People v. Brown*, No. 314342, 2016 Mich. App. LEXIS 55, at *16-39 (Mich. Ct. App. Jan. 12, 2016). Cain filed his *pro se* petition for a writ of habeas corpus with this Court on July 8, 2024. [2]

III.  Analysis

    A.  *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the habeas corpus statute to mandate a statute of limitations for habeas actions. 28

---

[2] Under the prison mailbox rule, this Court will assume that Cain filed the habeas petition on July 8, 2024, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

U.S.C. § 2244(d) imposes a one-year statute of limitations on petitions seeking habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009). Habeas petitions must be dismissed when they are not filed within the one-year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

The Court must first determine when Cain's conviction became "final" to ascertain when the limitations period commenced. *See Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005). Under § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek

5

direct review expires, whichever is later. *See Wilberger v. Carter*, 35 F. App'x 111, 114 (6th Cir. 2002).

The circuit court imposed its sentence on June 9, 2009. Cain then had 12 months to file a delayed application for leave to appeal.[3] *See* Mich. Ct. Rule 7.205(F)(3). Since the record shows that Cain never filed a direct appeal from his conviction and sentence, the judgment of sentence became final 12 months after sentencing, *i.e.*, when the time for filing a direct appeal in the Michigan Court of Appeals expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012). According to this calculation, his conviction became final on June 9, 2010. He then had until June 9, 2011 to timely file a habeas petition, unless the limitations period was somehow tolled.

Alternatively, while it does appear that Cain filed an application for leave to appeal to the Michigan Court of Appeals, that appeal was dismissed on July 13, 2010. And Cain never re-filed his application for leave to appeal with the Michigan Court of Appeals or filed an application for leave to appeal with the Michigan Supreme Court. Cain then had 56 days to file an appeal in the Michigan Supreme Court – until September 6, 2010 – and the one-year statute of limitations would commence from that date. Affording Cain this additional time, he had until

---

[3] Mich. Ct. Rule 7.205(F)(3) was amended in June 2011 to require that a delayed application for leave to appeal be filed within six months of the sentence.

September 6, 2011 to file his petition. So the habeas petition is untimely using either of the above timeframes.

Cain objects to this result. He maintains that his conviction became final on March 29, 2024, after the circuit court amended the judgment of sentence.

When a state court conducts a full resentencing, "the resulting sentence is a new "judgment" that restarts § 2244(d)(1)'s timeclock." *Freeman v. Wainwright*, 959 F.3d 226, 229 (6th Cir. 2020). The imposition of a new, less favorable sentence, upon a limited resentencing, likewise amounts to a new "judgment" that restarts the one-year limitations period for filing a federal habeas petition. *Id.* at 229-30. However, where a limited re-sentencing actually benefits the habeas petitioner, that type of modification does not disturb the underlying judgment and, thus, does not delay the commencement of the limitations period. *Id.* at 229-30. Moreover, where the state court does not conduct a re-sentencing hearing and the state court does not issue a new sentencing entry or a new judgment, a sentence modification does not restart the one-year statute of limitations. *Id.* at 230.

The amended judgment of sentence in this case did not delay the start of § 2244(d)(1)'s limitations period because the circuit court did not conduct a re-sentencing hearing. Instead, the amended judgment revised the credit calculations for the time Cain already served in jail, from 39 to 43 days.

7

Cain's argument that his new sentence is worse because he received 43 days in jail with credit for time served on the DWLS conviction, as opposed to the original 39 day sentence, is without merit. The state court initially sentenced Cain to 39 days in jail with credit for time served in accordance with the view that Cain already served that amount of time in jail. The state court obviously intended for the sentence on the misdemeanor conviction to be time served. The amended judgment effectuated that intent and merely revised credit time to 43 days. This modification benefited Cain, if anything, because of the four additional days of credit applied to his felony-related sentences.

As far as the addition of a no-contact provision with co-defendants or victims that was added to the amended judgment of sentence, Cain has not made a credible argument that this resulted in a less favorable sentence. Although Cain maintains that he needed to contact his co-defendant to help him prove his innocence, he does not claim to have made any contact with his co-defendant in the years between 2007 – when he pled no-contest to these charges, to 2009 – when he was sentenced, to 2024 – when the no-contact provision was added. So the 2024 amended judgment of sentence did not reset the limitations period.

Cain also argues that the commencement of the limitations period should only begin in 2021, when he purports to have discovered his right to appeal the 2007 conviction.

Pursuant to § 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through the petitioner's due diligence. *See Ali v. Tennessee Board of Pardon and Paroles*, 431 F.3d 896, 898 (6th Cir. 2005). The limitations period commences when the petitioner knows, or through due diligence, could have discovered the essential facts supporting his claims, not when the petitioner recognizes their legal significance. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003).

If a habeas petitioner does not know about, and was not advised of, his right to appeal his state conviction, his habeas petition may be timely under § 2244(d)(1)(D) provided the petitioner acted with reasonable diligence in learning about his right to appeal. *See DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006).

Cain fails to demonstrate that he was unaware of his right to appeal at the time of his sentencing in 2009. Cain reviewed and signed a guilty plea form that advised him of the right to appeal his conviction with the assistance of counsel. The form also advised him that, because he was pleading guilty, he could only have his appeal decided with leave of court. (ECF No. 1, PageID.24). The circuit judge who accepted his no-contest plea advised Cain that he had a right to appeal and to the appointment of appellate counsel, if indigent. The judge likewise advised Cain that he would have to obtain leave of court to have his appeal heard. (ECF No. 13-2,

9

PageID.142-44).[4]  At the time of sentencing, the judge asked defense counsel to provide Cain with his appellate rights form, which counsel indicated he had done. (ECF No. 1, PageID.22-23).  And Cain acknowledged that he had asked counsel to file an appeal on his behalf after sentencing (which counsel never did).  All these factors point towards one conclusion – that Cain knew about his right to appeal.

Lastly, the Court notes that Cain moved to reissue the judgment in 2020.  A criminal defendant in Michigan may attempt to restore his direct appeal by seeking the reissuance of the judgment pursuant to Mich. Ct. Rule 6.428.  Under that provision, an order restoring appellate rights "restart[s] the time in which to file an appeal or request counsel."  Had the circuit court granted Cain's motion, the one-year statute of limitations would have commenced from that date. *See Winburn v. Rewerts*, No. 24-1109, 2024 WL 5116741, at *3 (W.D. Mich. Dec. 16, 2024). Because the circuit court denied the motion, the commencement of the statute of limitations was not delayed and Cain had until September 6, 2011 to timely file his habeas petition.

But Cain instead filed his initial post-conviction motion for relief from judgment on December 17, 2019, long after the limitations period expired.  And a

---

[4] In 1994, Michigan voters approved a proposal which amended Michigan's State Constitution to provide that "an appeal by an accused who pleads guilty or *nolo contendere* shall be by leave of the court" rather than by right. Mich. Const., Art. 1, § 20.

state court post-conviction motion that is filed following the expiration of the limitations period has no tolling effect because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002). Nor did Cain's amended post-judgment motion toll the limitations period. *See Parker v. Renico,* 105 F. App'x 16, 18 (6th Cir. 2004).

Cain's 2021 motion to vacate sentence did not either toll the limitations period. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. An application for state post-conviction relief is considered "properly filed," for purposes of triggering the tolling provisions of § 2244(d)(2), when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g., requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell,* 276 F.3d 768, 771 (6th Cir. 2001).

Mich. Ct. Rule 6.501 states that unless otherwise specified, a judgment of conviction and sentence entered by the circuit or Recorder's court that is not subject to appellate review under subchapters 7.200 or 7.300 may be reviewed only by the filing of a post-conviction motion for relief from judgment. However, Cain's motion

11

to vacate the sentence could not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2) because it did not comport with Michigan law. *See e.g. Rideaux v. Perry*, No. 16-1458, 2017 WL 3404658, at * 1 (6th Cir. Feb. 27, 2017). And even if the motion did qualify as a proper request for post-conviction relief, Cain filed it long after the limitations period already expired.

As for equitable tolling, the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented the timely filing of the habeas petition. *Id.* at 649 (quotation omitted). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he is entitled to the equitable tolling. *Id*.

Insofar as Cain argues that his trial counsel failed to file a direct appeal after the 2009 sentencing, he would not be entitled to equitable tolling. Cain offers no credible argument why it took him a decade following his sentence to file a motion for post-conviction relief in the state courts. *See Winkfield v. Bagley*, 66 F. App'x 578, 583-84 (6th Cir. 2003) (no equitable tolling where the petitioner offered no explanation for the almost ten-year delay between the last communication with his

12

attorney and the filing of his motion for leave to file a delayed state court appeal); *Winters v. Edwards*, 27 F. App'x 327, 329 (6th Cir. 2001) (denying equitable tolling where the petitioner waited over five years after the conviction to file state collateral proceeding).

Cain's petition falls outside the actual innocence tolling exception as well. Cain presented no new, reliable evidence to establish that he was actually innocent of the charged offenses. *See Ross v. Berghuis*, 417 F.3d 552, 556 (6th Cir. 2005). And any actual innocence exception to AEDPA's statute of limitations is particularly inapplicable, because Cain pled no-contest to these charges. *See Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). In all, Cain failed to offer "new reliable evidence" that is "so strong that a court cannot have confidence in the outcome" of his no-contest plea. *See Connolly v. Howes*, 304 F. App'x 412, 419 (6th Cir. 2008).

For all these reasons, the petition is time-barred.

### B. *Concurrent Sentencing Doctrine*

Next, respondent urges the Court to dismiss the petition under the concurrent sentencing doctrine because Cain is serving two non-parolable life sentences for two first-degree murder convictions in another case.

Under the "concurrent sentencing doctrine," a "court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid

conviction" and there are no adverse collateral consequences if the challenged convictions stand. *Groves v. Meko*, 516 F. App'x 507, 508 (6th Cir. 2013) (quotation omitted). The concurrent sentencing doctrine is discretionary. *Id*. "[A]dverse collateral consequences such as delay of eligibility for parole, a harsher sentence under a recidivist statute for any future offense, credibility impeachment, and societal stigma," may all be considered by a court in determining whether to use the concurrent sentencing doctrine. *Buffin v. United States*, 513 F. App'x 441, 448 (6th Cir. 2013) (cleaned up).

In *Pillette v. Berghuis*, 408 F. App'x 873, 886 n.8 (6th Cir. 2010), the Sixth Circuit also included "an effect on ... a potential pardon" and "the potential for use as evidence of a prior bad act" as additional adverse consequences. These types of consequences, however, "are most salient on direct appeal, not on a collateral challenge." *Buffin*, 513 F. App'x at 448; *see also Amaya v. United States*, 71 F.4th 487, 490–91 (6th Cir. 2023) (holding that consequences that might foreclose application of the doctrine on direct appeal may not suffice to prevent its application on collateral review). The concurrent sentencing doctrine "aims to conserve judicial resources by permitting courts to avoid adjudicating issues when a favorable ruling could not affect prison time or alleviate some other harm." *Amaya*, 71 F.4th at 491.

Because Cain is serving two non-parolable life sentences for two first-degree murder convictions, the concurrent sentencing doctrine is yet another reason to

14

dismiss the petition. *See e.g. Patten v. Braman*, No. 23-662, 2023 WL 5604121, at * 3 (W.D. Mich. Aug. 30, 2023).

C.   *Pending Motions*

Turning to his pending motions for summary judgment and to grant the petition, Cain asserts that his claims are meritorious and that the motion to dismiss failed to address the merits of those claims, effectively conceding that the requested relief should be granted.

Since the petition is clearly time-barred, respondent's motion to dismiss the petition on timeliness grounds was a reasonable alternative to answering the petition on the merits. *See Jackson v. Straub,* 309 F. Supp. 2d 952, 959 (E.D. Mich. 2004); *see also Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007) (holding that a merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds).  The motions for summary judgment and to grant the habeas petition are, therefore, denied.

D.   *Certificate of Appealability*

A certificate of appealability must issue before Cain may appeal this opinion and order. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability is appropriate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's

underlying constitutional claims, a certificate of appealability should issue if the petitioner shows (1) that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present, and the district court properly invokes it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. *Id.*

Here, a certificate of appealability is not warranted because reasonable jurists would not find it debatable whether the court correctly determined that Cain filed his petition out-of-time. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

The Court's dismissal under the concurrent sentence doctrine is likewise not a merits determination and is more akin to a procedural dismissal. *See Witherspoon v. Rewerts*, No. 20-729, 2020 WL 5249077, at *4 (W.D. Mich. Sept. 3, 2020). A certificate of appealability on this question is also not justified because reasonable jurists could not conclude that the application of the concurrent sentencing doctrine is "debatable or wrong." *Id.*

The Court will grant leave to appeal *in forma pauperis*, though, because any appeal would be taken in good faith. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). Accordingly,

IT IS ORDERED that respondent's motion to dismiss the petition for a writ of habeas corpus (ECF No. 12) is granted.

IT IS FURTHER ORDERED that the petition (ECF No. 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that Cain's motions for summary judgment and to grant the habeas petition (ECF Nos. 15-16) are denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is granted.

                                        s/Robert J. White
                                        Robert J. White
Dated: April 4, 2025          United States District Judge